UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN L. OLSON,

        Plaintiff,

   v.                                      Case No. 07-C-682

WARDEN ROBERT HUMPHREYS,
ADAM GEGARE, and CAPTAIN ALDANA

        Defendants.

## MEMORANDUM AND ORDER

        Plaintiff John L. Olson, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Olson is currently incarcerated at Waupun Correctional Institution. He seeks leave to proceed *in forma pauperis*.

        Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of

twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, Olson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $4.98. 28 U.S.C. § 1915(b)(4). Upon review of the trust account statement and affidavit, I am satisfied that Olson is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp*(1984) (. *Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Olson asserts that he was deprived of constitutional right to due process guaranteed by the Fourteenth Amendment when he was placed in temporary lock up (TLU) in Racine Correctional Institution based on the allegation that he had sexually assaulted, i.e., touched the buttocks without consent, of a prison volunteer. He also claims that he was denied due process in the course of the disciplinary proceedings involving the same charge. He alleges that he was not given adequate notice of a hearing regarding the incident and that he was denied the opportunity to call the alleged victim as a witness, obtain a written statement from her, or review a copy of a log sheet recording his whereabouts on the day of the alleged assault. Olson was found guilty and assigned 8 days of adjustment segregation and 360 days of program segregation, although he was released from program segregation after 7 months on the condition of his transfer to a maximum security facility, where he is now confined. He alleges that Warden Humphreys, of Racine Correctional Institution,

3

knew his rights were violated in the hearing, yet erroneously affirmed the ruling. In addition to violating his Fourteenth Amendment right to due process, Olson also claims that the defendants' conduct of the proceedings was in violation of the Department of Corrections rules and regulations.

In addition to segregation, Olson claims he has suffered verbal abuse by correctional staff, mental distress, loss of sentence credit for the time he spent in segregation, and a restriction on his ability to work for one year after his release from segregation. He also alleges that in connection to the investigation of the alleged assault, he was threatened by Sargent Caldwell. By way of relief, Olson asks the Court to vacate the decision of the disciplinary committee, expunge his record, and award compensatory and punitive damages.

**Fourteenth Amendment Claim**

Olson alleges violations of his procedural due process rights. In order to state a claim for such violations, a plaintiff must allege a protected liberty interest. *See Kentucky Dept. of Corrections v. Thomson*, 490 U.S. 454, 460 (1989). A prison inmate has a constitutionally protected liberty interest at stake in disciplinary proceedings if the discipline imposed for rule violations prolongs his incarceration, or if it imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 486 (1995); *see also Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997). Freedom from segregation may constitute a cognizable liberty interest where it "present[s] the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486. Such liberty interests are limited, however, to "freedom from restraint" that imposes a "significant hardship in relation to the ordinary incidents of prison life." *Id.*, at 483-84. So long as his period of confinement does not

4

exceed the remaining term of his incarceration, a prisoner has no protected liberty interest in freedom from disciplinary confinement. *Wagner*, 128 F.3d at 1176. Long-term segregation under exceptionally restrictive conditions in supermax prisons may give rise to a protected liberty interest. *See Wilkinson v. Austin*, 545 U.S. 209 (2005); *Westefer v. Snyder*, 422 F.3d 570 (7th Cir. 2005). However, temporary placement in TLU while the misconduct charge is investigated, program segregation, and transfer to a non-supermax prison do not. *See Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir.1997) ("when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after Sandin it can be made the basis of a suit complaining about a deprivation of liberty"); *see also* Wis. Adm. Code §§ DOC 303.11 and 303.70. I therefore conclude that Plaintiff did not have a liberty interest in freedom from the type of segregation to which he was subjected.[2]

This does not end the inquiry, however. Prison discipline can also implicate a constitutionally protected liberty interest when the discipline imposed has the effect of increasing the duration of the inmate's sentence. A loss of "good time credits" is a constitutionally protected liberty interest affecting sentence duration. *See Wagner*, 128 F.3d at 1176. Olson alleges that "he has suffered loss of sentence credit for time spent in segregation." (Am. Compl. at 26.) The Wisconsin Department of Corrections regulations confirm that inmates placed on program segregation for disciplinary reasons suffer a corresponding extension of their mandatory release date. See Wis. Adm. Code. § DOC 303.84(1)(j). Thus, the discipline imposed on plaintiff does give rise to a liberty interest. But even this fact does not save his claim.

---

[2]To the extent that plaintiff is alleging that the defendants denied him due process by not following prison regulations, § 1983 does not provide a means to remedy violations of state law. *See Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir.1996).

5

As noted above, Olson filed his complaint under 42 U.S.C. § 1983. However, a petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). "When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice." *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing *Heck*, 512 U.S. at 477). Converting the action into a petition for habeas corpus under § 2254 is inappropriate, and may carry disadvantages for litigants. *Id.*

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck'*s rationale to § 1983 actions arising out of prison disciplinary proceedings. In *Edwards* the Court held that an inmate's claim that his due process rights were violated in a disciplinary hearing was not cognizable if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." *Id.* at 520 U.S. at 645. The plaintiff in *Edwards*, like Olson here, lost good time credits as a consequence of the allegedly-unconstitutional disciplinary hearing. *Id.* at 643. The heart of *Edwards* is that a prisoner may not use a § 1983 suit, even one in which only damages are requested, to attack the fact of his or her incarceration or the length of it unless the prisoner first gets that conviction or incarceration set aside by another means--most usually, state or federal habeas proceedings. *Edwards*, 520 U.S. at 643.

*Edwards* applies here to bar Olson's claim that he was denied due process in the course of the disciplinary proceedings. Just as in *Edwards*, Olson cannot prevail in his § 1983 action without undermining the validity of those proceedings. Olson repeatedly asserts in his complaint that he was denied impartial review at various stages in his disciplinary proceedings. Partiality would, as in

6

*Edwards*, imply the invalidity of the affected proceedings and resulting sanctions. The same is true of the other procedural violations he asserts. Furthermore, Olson specifically requests that the Court "vacate the action of the disciplinary committee" and expunge his record. These are not remedies for merely procedural deficiencies, but attack the validity of the proceedings and their outcome. Since *habeas corpus* is the exclusive federal vehicle for mounting such an attack, his § 1983 due process claim must be dismissed.

Finally, I note that Olson claims that he was also restricted from working for a period of one year after his release from segregation. However, inmates have no property interest in receiving a job. *Harris v. Fleming*, 839 F.2d 1232, 1237 n. 5 (7th Cir. 1988); *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982), *cert. denied*, 459 U.S. 1150 (1983). Having therefore failed to allege either a constitutionally protected property or liberty interest cognizable under § 1983, Olson's due process claims will be dismissed.

**Eighth Amendment Claim**

Olson's allegations that his "constitutional right to safety" under the Eighth Amendment was violated when he received verbal threats and abuse is also without merit. Olson alleges that on October 8, 2006, Sargent Caldwell, a correctional officer at Racine Correctional Institution, verbally threatened him, indicating that if Olson continued to deny his involvement in an alleged sexual assault, Caldwell would "handle matters" himself. However, "[v]erbal threats are not constitutional violations cognizable under § 1983." *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983), cert. denied, 464 U.S. 998 (1983). Olson also claims that he "suffered regular verbal abuse by correctional staff." However, verbal abuse by

7

a prison guard does not give rise to a cause of action under § 1983. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982). Any claims arising from alleged verbal threats or abuse will therefore be dismissed.

**Conclusion**

Because Olson has failed to set forth cognizable constitutional or federal claims, the case will be dismissed.

**THEREFORE, IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the Plaintiff's prison trust account the $345.02 balance of the filing fee by collecting monthly payments from the Plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff's claim challenging the duration of his confinement is dismissed without prejudice. All other claims are dismissed with prejudice.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

8

Case 1:07-cv-00682-WCG   Filed 08/30/07   Page 8 of 9   Document 5

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this     30th     day of August, 2007.

                                                   s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge